UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2051 PA (PJWx) | Date | April 3, 2013 |
|---|---|---|---|
| Title | St. Charles Trading, Inc. v. S C Enterprises Corporation | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by cross-defendant Con-way Freight Inc. ("Cross-Defendant") on March 21, 2013.  Cross-Defendant asserts that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1337, 1441 and 1446.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The defendant also has the burden of showing that it has complied with the procedural requirements for removal."  Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

    "Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. See Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985); Le v. Young Champions Recreation Programs, 2008 U.S. Dist. LEXIS 36074, at *3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.")." OWB REO LLC v. Bhatt, 2012 U.S. Dist. LEXIS 150421 (C.D. Cal. Oct. 18, 2012).

    A party who is joined to an action as a defendant to a counterclaim or as a third-party defendant may not remove the case to federal court.  "Since the Supreme Court's decision in Shamrock Oil & Gas Corporation v. Sheets, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941), "defendant" for purposes of designating which parties may remove a case under § 1441 has been limited by a majority of the courts to mean only "original" or "true" defendants; "defendant" in Chapter 89, thereby, excludes plaintiffs and non-plaintiff parties who become defendants through a counterclaim." Westwood Apex v. Contreras,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2051 PA (PJWx) | Date | April 3, 2013 |
|---|---|---|---|
| Title | St. Charles Trading, Inc. v. S C Enterprises Corporation | | |

644 F.3d 799, 804 (9th Cir. Cal. 2011).  "Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants" by using the term "party" in other sections of Chapter 89. Id. at 806 (quoting Palisades Collections, LLC v. Shorts, 552 F.3d 327, 333 (4th Cir. 2008).  Therefore, third-party defendants brought into the state action by the original defendant do not have the right to remove claims to the federal court.  Cross-Defendant was not authorized to remove this case under § 1441(a).

      For the foregoing reasons, the removing party has failed to meet its burden of showing that federal subject matter jurisdiction exists over this action and that removal pursuant to § 1441(a) was proper.  Accordingly, this action is remanded to Los Angeles Superior Court, Case No. BC489105.

      IT IS SO ORDERED.